No. 22-3055

IN THE

# United States Court of Appeals for the Sixth Circuit

JAMES ENGLAND,

*Plaintiff-Appellee*

v.

CITY OF COLUMBUS, ET AL.,

*Defendants-Appellants*

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
NO. 2:19-CV-01049 (HON. SARAH D. MORRISON)

## PLAINTIFF-APPELLEE JAMES ENGLAND'S MOTION TO DISMISS


Jacqueline Greene (0092733)
Sarah Gelsomino (0084340)
M. Caroline Hyatt (0093323)
Alphonse A. Gerhardstein (0032053)
FRIEDMAN GILBERT + GERHARDSTEIN
441 Vine Street, Suite 3400
Cincinnati, OH 45202
T: (513) 572-4200

Jennifer L. Routte (0085204)
C. Christopher Alley (0086182)
ROUTTE LAW, LLC
142 Granville Street
Gahanna, OH 43230
T: (614) 475-7008

*Counsel for Plaintiff-Appellee*

## TABLE OF CONTENTS


Motion ........................................................................................................1

Memorandum in Support ..................................................................................1

I. District Court Proceedings and Factual Findings........................................2

II. This Court Has No Jurisdiction over the Denial of Qualified Immunity to Defendant Abel...........................................................................................6

III. This Court Has No Jurisdiction over the *Monell* Claim Against Defendant City of Columbus. ........................................................................................11

IV. This Court Has No Jurisdiction Over the Question of Whether *Heck v. Humphrey* Bars Plaintiff's Claims. ...........................................................12

V. Defendants' Appeal is Frivolous. .............................................................16

Conclusion .....................................................................................................18

Certificate of Compliance ...............................................................................20

Certificate of Service ......................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*Abel v. Miller,*
904 F.2d 394 (7th Cir. 1990)……………………………………………17

*Adams v. Blount County, Tenn.,*
946 F.3d 940 (6th Cir. 2020)………………………………………..…9

*Bailey v. Columbus Bar Ass'n,*
25 F.App’x 225 (6th Cir. 2001)…………………………………………16

*Behrens v. Pelletier*,
516 U.S. 299 (1996)……………………………………..………7, 8, 10
*Berryman v. Rieger*,
150 F.3d 561 (6th Cir. 1998)………………………….………..2, 6, 7, 16, 18

*Brennan v. Twp. of Northville,*
78 F.3d 1152 (6th Cir. 1996)……………………………………………11

*Bridgeport Music, Inc. v. Smith,*
714 F.3d 932 (6th Cir. 2013)……………………………………………16

*Chambers v. Ohio Dep’t of Human Servs.,*
145 F.3d 793 (6th Cir. 1998)…………………………………………2, 11

*City of Cleveland v. Murad,*
84 Ohio App.3d 317, 616 N.E.2d 1116 (Ohio Ct.App.1992)……………...13

*Cohen v. Beneficial Indus. Loan Corp.,*
337 U.S. 541 (1949)………………………………………………………1

*Crawford El v. Britton,*
523 U.S. 574 (1998)………………………………………………………8

*Cunningham v. Gates,*
229 F.3d 1271 (9th Cir. 2000)…………………………………………...14

*Ellis v. Washington County and Johnson City, Tenn.,*
198 F.3d 225 (6th Cir. 1999)………………………………………………..9

*Gillispie v. Miami Township, Ohio,*
18 F.4th 909 (6th Cir. 2021)…………………………………….………..17, 18

*Gregory v. City of Louisville*,
444 F. 3d 725 (6th Cir. 2006)……………………………..…………..6, 9

*Hayward v. Cleveland Clinic Found.,*
759 F.3d 601 (6th Cir. 2014)……………………………..……...5, 13, 15

*Heck v. Humphrey,*
512 U.S. 477 (1994)…………………………..…..3, 5, 12, 13, 14, 15, 16

*Hidden Village, LLC v. City of Lakewood, Ohio,*
734 F.3d 519 (6th Cir. 2013)……………………………..…………1, 11

*Howlett v. City of Warren, Michigan,*
852 F.App'x 899 (6th Cir. 2021)……………………..……………...16

*Jackson v. City of Cleveland,*
925 F.3d 793 (6th Cir. 2019)……………………………..……………11

*Johnson v. Jones*,
515 U.S. 304 (1995)……………………………………..………..7, 17

*Leary v. Livingston County*,
528 F.3d 438 (6th Cir. 2008)…………………………………….………...2

*Limone v. Condon,*
372 F.3d 39 (1st Cir. 2004)…………………………………….………...14

*Lindsly v. Worley,*
423 F.App'x 516 (6th Cir. 2011)……………………………………………..9

*Little v. Wylie*,
205 F.3d 1340 (Table), 2000 WL 178406 (6th Cir. 2000)………….…..…9

*Mattox v. City of Forest Park,*
183 F.3d 515 (6th Cir. 1999)……………………………………………12

*McDonald v. Flake*,
814 F.3d 804 (6th Cir. 2016)…………………………………..….....16, 17

*McKenna v. City of Royal Oak,*
469 F.3d 559 (6th Cir. 2006)…………………………………………2, 12

*McKinney v. Lexington-Fayette Urban County Government,*
651 F.App'x 449 (6th Cir. 2016)……………………………….………...9

*Mitchell v. Forsyth*,
472 U.S. 511 (1985)…………………………………………..1, 6, 7, 17

*Norton v. Stille,*
526 F.App'x 509 (6th Cir. 2013)…………………………………..14

*Schreiber v. Moe,*
596 F.3d 323 (6th Cir. 2010)……………………………………………15

*Strutz v. Hall*,
124 F.App'x 939 (6th Cir. 2005)……………………………………………9

*Swiecicki v. Delgado,*
463 F.3d 489 (6th Cir. 2006)…………………………………….………13

*Swint v. Chambers County Comm'n,*
514 U.S. 35 (1995)……………………………………………….….……12

*Wallace v. Kato,*
549 U.S. 384 (2007)…………………………………………….….……..13

*Whittie v. Doyle*,
228 F.App'x 512 (6th Cir. 2007)……………………………………….....9

*Yates v. City of Cleveland*,
941 F.2d 444 (6th Cir. 1991)……………………………………………17

**Rules and Statutes**

6 Cir. R. 27……………………………………………………………………1

28 U.S.C. § 1291……………………………………………………….......1, 6

## MOTION

Pursuant to 6 Cir. R. 27(d), Plaintiff-Appellee respectfully moves this Court to dismiss Defendants-Appellants Abel's and City of Columbus' appeal for lack of jurisdiction.

## MEMORANDUM IN SUPPORT

28 U.S.C. § 1291 vests this Court with jurisdiction over appeals only from "final decisions" of the district courts. Thus, a litigant must wait until the district court finally disposes of a case before he may appeal. Notwithstanding that rule, a party may obtain appellate review of a *small* set of collateral orders – conclusive rulings separate from the merits of the case that would be effectively unreviewable if the appeal came after the trial. *Hidden Village, LLC v. City of Lakewood, Ohio*, 734 F.3d 519, 524 (6th Cir. 2013), citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

Under the doctrine established in *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291" because it would be "effectively unreviewable on appeal from a final judgment." However, this Court's jurisdiction to hear an interlocutory appeal on a denial of qualified immunity "is narrow" and this Court has long observed that "appeal[s] should not [be] filed" where "there is clearly a factual dispute at the heart

of the qualified immunity issue." *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir. 1998). When such appeals are filed, they must be dismissed. *Id.*

In this case, there are significant and hotly-contested disputes of fact at the heart of the qualified immunity question and Defendants-Appellants completely and utterly fail to concede an interpretation of the facts in the light most favorable to Plaintiff. Because the appeal of the District Court's order "merely quibble[s] with the district court's reading of the factual record," this Court lacks jurisdiction over this entire appeal. *Leary v. Livingston County*, 528 F.3d 438, 441 (6th Cir. 2008).

And while this Court can exercise pendent appellate jurisdiction over otherwise non-appealable issues, it can only do so when they are "inextricably intertwined" with issues "over which the appellate court properly and independently has jurisdiction." *Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793, 797 (6th Cir. 1998). However, "where the court does not have jurisdiction to consider the qualified immunity issues, the court necessarily has no jurisdiction" over any pendent issues. *McKenna v. City of Royal Oak*, 469 F.3d 559, 563 (6th Cir. 2006).

In the absence of jurisdiction, Defendants' appeal must be dismissed.

## I. District Court Proceedings and Factual Findings.

Plaintiff-Appellee filed his complaint on March 20, 2019, alleging that on February 6, 2015, Defendant Abel used excessive force against him and that the constitutional violation he suffered was the result of Defendant City of Columbus'

policies. (Complaint, R. 1). Defendants Abel and City of Columbus both filed motions for summary judgment, arguing that Defendant Abel's use of force was reasonable, that he was entitled to qualified immunity, and that Defendant City of Columbus was not liable because there was no underlying constitutional violation and because Plaintiff failed to identify a municipal custom or policy that caused the violation. (Abel Motion for Summary Judgment, R. 38; City of Columbus Motion for Summary Judgment, R. 39). Plaintiff opposed both motions. (Memorandum in Opposition to Motions for Summary Judgment, R. 42). On reply, Defendant Abel argued for the first time that Plaintiff's claims were barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). (Abel's Reply in Support of Motion for Summary Judgment, R. 45).

On December 20, 2021, the District Court denied both motions for summary judgment. (Order Denying Motions for Summary Judgment, R. 50). The District Court also found that Abel impermissibly raised the *Heck* issue for the first time in his reply, but used its discretion to allow Plaintiff to file a surreply and resolve the issue on the merits. (*Id*. at PageID#2801-2803).

Upon review of the record, the District Court found, taking the facts in a light favorable to Plaintiff, that:

- "When Officer Abel encountered Mr. England in the rear of his home, he believed that Mr. England was trying to evade the officers waiting at his front door. But on Officer Abel's command, Mr. England put his

hands on his head and backed towards the patio door." (*Id.* at PageID#2797).

- "Officer Ab[el] grabbed both of Mr. England's hands; Mr. England remained compliant as the officers struggled to handcuff him over the plywood [through the opening in the patio door]." (*Id.*).
- "Officer Abel had no particularized reason to believe Mr. England was armed that morning." (*Id.*).
- "Mr. England's two dogs were on the patio, barking and jumping up the enclosure's walls. The officers commanded Mr. England to control the dogs. Mr. England, now handcuffed, did what he could to comply by yelling at the dogs to go back inside; only one obeyed." (*Id.*).
- "[Abel] used his left arm to grab Mr. England as he and Officer Fulwider tried to lift Mr. England off the ground and over the plywood covering the patio door. Through all of this, Mr. England did not resist." (*Id.* at PageID#2798).
- "Officer Fulwider released Mr. England to try and stabilize Officer Abel by holding onto his gunbelt. Officer Abel, arm still locked onto Mr. England and unaware that Officer Fulwider was trying to brace him, felt his weight shift forward [through the opening in the door] and fired two shots [at England]." (*Id.*).

Critically, the District Court found that "[c]onstruing the facts in the light most favorable to Mr. England... [he] was ***complying*** with officer commands, was ***not physically resisting*** the officers' grasp, ***made no verbal threats*** to the officers, and was ***not armed***." (*Id.* at PageID#2800) (emphasis added). While the District Court described the situation as "precarious," it found that England "was not the source of ***any threat***." (*Id.*) (emphasis added).

On the basis of this review of the record, the court found the question of whether Defendant Abel had probable cause to believe that England posed an

imminent danger of death or serious physical "hinges on the finding of material facts presently in dispute." (*Id*. at PageID#2796). The District Court also denied qualified immunity. (*Id*. at PageID#2801). Because Plaintiff presented facts demonstrating that England was "subdued and nondangerous," he had a clearly established "constitutional right not to be shot." (*Id*. at PageID#2796).

The District Court also held that Plaintiff's claims were not *Heck*-barred because England's pre-handcuffing conduct could form the sole basis of that plea and that if "the alleged excessive force is used after the suspect ceases resisting arrest," a § 1983 claim can go forward. (*Id*. at PageID#2804-2806, citing *Hayward v. Cleveland Clinic Found*., 759 F.3d 601, 612 (6th Cir. 2014)).

Finally, the District Court found that Plaintiff had demonstrated a dispute of fact regarding whether Defendant City of Columbus ratified Defendant Abel's unconstitutional conduct. (*Id*. at PageID#2808-2810).

On January 19, 2022, Defendants filed a notice of interlocutory appeal. (Notice of Appeal, R. 52). However, because factual disputes go to the heart of the qualified immunity analysis and Defendants fail to accept the facts in the light most favorable to Plaintiff, there is no appellate jurisdiction over the denial of qualified immunity. In the absence of an appealable issue, there is no pendent jurisdiction over any other issue, inextricably intertwined or not. Defendants' appeal must be dismissed in its entirety.

## II. This Court Has No Jurisdiction over the Denial of Qualified Immunity to Defendant Abel.

The appeal of a denial of qualified immunity is an interlocutory appeal that this Court hears as a final decision of the district court under 28 U.S.C. § 1291 pursuant to the "collateral order" doctrine. See *Forsyth*, 472 U.S. at 525-527. If the appeal fails the requirements of the collateral order doctrine, this Court lacks jurisdiction to entertain the appeal. *Gregory v. City of Louisville*, 444 F. 3d 725, 742 (6th Cir. 2006). Most denials of summary judgment are nonfinal orders which cannot be appealed under 28 U.S.C. § 1291. *Id,* citing *Forsyth,* 472 U.S. at 525-527.

This Court's jurisdiction to hear an interlocutory appeal of a denial of qualified immunity "is narrow." *Berryman*, 150 F.3d at 562. The Supreme Court in *Forsyth* emphasized that "the appealable issue [in a qualified immunity appeal] is a purely legal one: whether the facts alleged (by the plaintiff, or, in some cases, the defendant) support a claim of violation of clearly established law." *Forsyth*, 472 U.S. at 528 n. 9. "A defendant who is denied qualified immunity may file an interlocutory appeal with this Court only if that appeal involves the abstract or pure legal issue of whether the facts alleged by the plaintiff constitute a violation of clearly established law." *Berryman,* 150 F.3d at 563. Thus, in order for this Court to have jurisdiction over an appeal of qualified immunity, "the defendant must be prepared to overlook any factual dispute and to concede an interpretation of the facts in the light most favorable to the plaintiff's case." *Id.* at 562.

As emphasized by *Berryman*, the Supreme Court has "stressed the narrow scope of jurisdiction over these appeals" in the years following *Forsyth*. *Id*. at 563. In *Johnson v. Jones*, 515 U.S. 304, 316 (1995), Justice Breyer wrote for a unanimous Court that collateral "questions about whether or not a record demonstrates a 'genuine' issue of fact for trial, if appealable, can consume inordinate amounts of appellate time." The Court held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id*. at 319-320. To permit jurisdiction over fact-intensive questions of qualified immunity, the court stated, would undercut the expertise of trial courts, invite delay, and waste appellate resources on the same issues that will arise after trial. *Id*. at 316-317. Accordingly, the court limited jurisdiction over these interlocutory appeals "to cases presenting neat abstract issues of law." *Id*. at 317.

The Supreme Court reiterated this a year later in *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996), explaining that jurisdiction exists over appeals from summary judgment denials only "when they resolve a dispute concerning an abstract issue of law relating to qualified immunity—typically, the issue whether the federal right allegedly infringed was clearly established." In other words, if what is at issue in the appeal is nothing more than "whether the evidence could support a finding that particular conduct occurred," there is no appellate jurisdiction because that question

is inseparable from the merits of the plaintiff's claim. *Id*. *See also Crawford El v. Britton*, 523 U.S. 574, 595 (1998) (declining "to craft an exception to settled rules of interlocutory appellate jurisdiction and reject[ing] the argument that the policies behind the immunity defense justify interlocutory appeals on questions of evidentiary sufficiency.").

Thus, to maintain an appeal, Defendants must accept the factual record in the light most favorable to Plaintiff and as read by the District Court. However, the Defendants-Appellants in this appeal completely fail to do so, claiming that "the undisputed record shows that Abel had probable cause to believe that England posed a threat of serious harm," despite the fact that the District Court found the *exact opposite*. (Defendants-Appellants' Brief, Doc. 16, P. 31). Accepting the record in the light most favorable to Plaintiff, England was complying with officers' commands, not resisting, and "was not the source of ***any threat***." (Order of Motions for Summary Judgment, R. 50, PageID#2800) (emphasis added). Despite this, Defendants rely on arguments that England "posed an immediate threat" to Abel and that he was "resisting arrest" at the time force was used. (Defendants-Appellants' Brief, Doc. 16, P. 30-31). This dispute goes to the heart of the qualified immunity analysis and was the basis of the district court's denial of qualified immunity. (*Id.* at PageID#2799-2801).

The Sixth Circuit has consistently dismissed interlocutory appeals of qualified immunity where the appeal arose from disputed issues of fact. For the same reasons, the Court must do so here. *See*, e.g., *Gregory*, 444 F. 3d at 743-744 (court "lacks jurisdiction to entertain… appeal" because of factual disputes); *Strutz v. Hall*, 124 F.App'x 939, 941 (6th Cir. 2005) (dismissing appeal because "[w]e conclude that the resolution of this case hinges on a question of fact"); *Ellis v. Washington County and Johnson City, Tenn.*, 198 F.3d 225 (6th Cir. 1999) (appeal dismissed because there was a factual dispute whether defendant's actions were deliberate indifference); *Little v. Wylie*, 205 F.3d 1340 (Table), 2000 WL 178406 (6th Cir. 2000) (appeal dismissed for lack of jurisdiction); *Lindsly v. Worley*, 423 F.App'x 516 (6th Cir. 2011) (rejecting attempt to cast factual dispute as legal issue because "the essence of this claim is simply a reformulation of the same factual argument"); *McKinney v. Lexington-Fayette Urban County Government*, 651 F.App'x 449, 458 (6th Cir. 2016) (finding court lacks jurisdiction over qualified immunity appeal of deliberate indifference and excessive force claims because argument was premised on factual disputes, not abstract questions of law); *Adams v. Blount County, Tenn.*, 946 F.3d 940 (6th Cir. 2020) (dismissing appeal for lack of jurisdiction because arguments raised by defendant concerning denial qualified immunity relied on disputed facts); *Whittie v. Doyle*, 228 F.App'x 512 (6th Cir. 2007) (finding court "does not have jurisdiction over the qualified immunity issues in this appeal because

the defendants-appellants are simply contesting the sufficiency of evidence presented to the District Court rather than raising an issue of law”).

Defendants’ appeal of the District Court’s order here is entirely based on hotly-contested disputes of material fact that were central to the resolution of qualified immunity. Defendants’ arguments rely on finding that England “posed an immediate threat” to Abel and that he was “resisting arrest” at the time force was used. (Defendants-Appellants' Brief, Doc. 16, P. 30-31). Notably, the Defendants-Appellants admit that accepting Plaintiff’s version of the facts, “would very likely defeat summary judgment.” (Defendants-Appellants' Brief, Doc. 16, P. 34). However, because Defendants refuse to accept this version of facts for the purpose of this appeal, this Court does not have jurisdiction.

The one issue regarding qualified immunity that typically *can* be appealed is “the issue whether the federal right allegedly infringed was clearly established.” *Behrens*, 516 U.S. at 313. However, to the extent that Defendants attempt to frame their argument as a legal one, regarding clearly established law, their argument still depends on the same factual disputes. Defendants argue that the law did not clearly establish that a police officer may not use deadly force “to stop himself from getting dragged over a walled partition into an enclosed area containing barking pit bull dogs while attempting to arrest *a violent and resisting felon*.” (Defendants-Appellants' Brief, Doc. 16, P. 33). Not only is it disputed whether England “dragged”

Abel over the partition, it is disputed whether England himself posed *any* threat to Abel and whether he was resisting at the time. Because Defendants do not accept the facts in the light most favorable to Plaintiff, they have presented no question regarding qualified immunity for appellate review over which this Court has jurisdiction.

### III. This Court Has No Jurisdiction over the *Monell* Claim Against Defendant City of Columbus.

Defendants also assert pendent appellate jurisdiction over the *Monell* claims against Defendant City of Columbus. This Court has the discretion to exercise pendent appellate jurisdiction over otherwise non-appealable issues only when they are "inextricably intertwined" with issues "over which the appellate court properly and independently has jurisdiction." *Chambers*, 145 F.3d at 797. This occurs when the non-appealable issue is "coterminous with, or subsumed in" the appealable issue, or put another way, when "[o]ur finding on the first issue necessarily and unavoidably decides the second." *Brennan v. Twp. of Northville*, 78 F.3d 1152, 1158 (6th Cir. 1996).

*Monell* claims have two requirements: that an underlying constitutional violation occurred, and that the violation resulted from a municipal policy or custom. *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019). Whether an underlying violation occurred is inextricably intertwined with an individual defendant's qualified immunity defense. *Hidden Village*, 734 F.3d at 524, citing

*Mattox v. City of Forest Park*, 183 F.3d 515, 524 (6th Cir. 1999). Whether a municipal policy or custom caused the violation is not. *Id.*, citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995). Thus, if this Court properly and independently has jurisdiction over the qualified immunity issue, it has the discretion to take pendent appellate jurisdiction over the issue of whether an underlying constitutional violation occurred, but no other issue regarding *Monell* liability.

However, "where the court does not have jurisdiction to consider the qualified immunity issues, the court necessarily has no jurisdiction" over any pendent issues. *McKenna*, 469 F.3d at 563. Here, because this Court does not have jurisdiction over the qualified immunity issue, there is no pendent jurisdiction over any otherwise non-appealable issue.

For these reasons, there is no jurisdiction to hear this appeal, and Defendant City of Columbus' appeal of Plaintiff's *Monell* claims must be dismissed.

## IV. This Court Has No Jurisdiction Over the Question of Whether *Heck v. Humphrey* Bars Plaintiff's Claims.

Whether a claim is barred by *Heck* is not part of the small set of collateral orders from which an immediate interlocutory appeal can be sought. Defendants do not assert otherwise. Because a finding that a plaintiff's claim is not barred by *Heck* is not an immediately appealable issue, this Court must have pendent appellate jurisdiction to be able to exercise jurisdiction over this issue. However, Defendants do not even attempt to claim that this Court has pendent appellate jurisdiction over

this issue. (Defendants-Appellants' Brief, Doc. 16, P. 10). This is because pendent appellate jurisdiction is not available. Not only do Defendants fail to establish appellate jurisdiction over the qualified immunity issue, but the issues of qualified immunity and *Heck* are not inextricably intertwined. In the absence of any basis for exercising jurisdiction over the *Heck* issue, this Court must dismiss Defendants' appeal on this issue as well.

*Heck* operates to bar an excessive force claim under § 1983 if the success of that claim would "necessarily imply the invalidity" of an underlying criminal conviction or sentence. *Heck*, 512 U.S. at 487. This arises in two circumstances – when "the criminal provision makes the lack of excessive force… an element of the crime" and when "excessive force… is an affirmative defense to the crime." *Hayward*, 759 F.3d at 608-609. As a result, this requires detailed analysis of the relevant state criminal law. In Ohio, excessive force is a defense to the crime of resisting arrest when "the excessive force by the arresting officer occurred prior to the suspect's resistance." *Swiecicki v. Delgado*, 463 F.3d 489, 494 (6th Cir. 2006), abrogated on other grounds by *Wallace v. Kato*, 549 U.S. 384 (2007), citing *City of Cleveland v. Murad*, 84 Ohio App.3d 317, 616 N.E.2d 1116, 1120 (Ohio Ct.App.1992). On the other hand, if "the resistance occurred before the use of force," then the "conviction for resisting arrest would not be called into question even if [the plaintiff] later recovered on a § 1983 excessive-force claim." *Id*. at 495.

*Heck* provides an entirely different basis for barring a plaintiff's constitutional claim, separate from the qualified immunity defense. Qualified immunity, of course, is based on whether the constitution was violated and whether that violation was clearly established—and not on the question of whether a finding that an officer used excessive force would necessarily invalidate a prior criminal conviction.

Because "separate and distinct legal standards and questions" apply to the separate issues of qualified immunity and *Heck*, courts—including this one—have consistently held that *Heck* is "not inextricably intertwined with" the issue of qualified immunity. *Norton v. Stille*, 526 F.App'x 509, 515 (6th Cir. 2013). *See also Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000) ("The *Heck* issue is not 'inextricably intertwined' with the qualified immunity issues properly before us in interlocutory appeal, nor is it necessary to decide the issue to ensure meaningful review of the defendants' qualified immunity claims."); *Limone v. Condon*, 372 F.3d 39, 51 (1st Cir. 2004) ("Here, the linchpin [qualified immunity] issue and the pendent [*Heck*] issue cannot fairly be described as intertwined, let alone inextricably intertwined."). It is clear why this is so, because a court's analysis of whether the excessive force claim—if successful—would invalidate the state criminal conviction has no bearing on whether a constitutional violation did, in fact occur, or whether the law was clearly established at the time the excessive force was used.

Because the *Heck* issue is not inextricably intertwined with qualified immunity analysis, this Court does not have pendent appellate jurisdiction over the *Heck* issue. And because Defendants failed to raise a purely legal issue regarding qualified immunity, there is no jurisdiction over that issue either. Without an appealable issue, there can be no pendent jurisdiction.

Defendants attempt to entangle the *Heck* issue and the qualified immunity issue by using *Heck* not to bar the *claims*, but to bar Plaintiff's version of the *facts* from consideration. However, this is not how *Heck* operates. *Heck* bars *claims*. *Hayward*, 759 F.3d at 613 (district court properly dismissed plaintiff's excessive force claim based on *Heck*); *Schreiber v. Moe*, 596 F.3d 323, 335 (6th Cir. 2010) (allowing plaintiff to "proceed on his [excessive force] claim" because *Heck* doctrine did not apply). If *Heck* applies, the claim is barred, and if it does not apply, *Heck* has no further relevance and no bearing on what evidence a plaintiff is or is not allowed to rely upon.

Further, Defendants cannot rely on their argument that the District Court erred in finding that *Heck* did not bar Plaintiff's claims—an issue to which they are not entitled to an interlocutory appeal—to argue that this Court must disregard Plaintiff's version of the facts in order to create jurisdiction over the qualified immunity issue where none exists. They have cited no authority for the use of *Heck* in such a way.

Because the question of whether a claim is *Heck*-barred is not subject to interlocutory appeal, and the *Heck* issue is not inextricably intertwined in an independently appealable issue, this Court has no jurisdiction over the *Heck* issue and Defendants' appeal must be dismissed.

**V. Defendants' Appeal is Frivolous.**

"A defendant who is denied qualified immunity may file an interlocutory appeal with this Court *only* if that appeal involves the abstract or pure legal issue of whether the facts alleged by the plaintiff constitute a violation of clearly established law." *Berryman,* 150 F.3d at 563 (emphasis added). Thus, where defendants nonetheless argue facts in a qualified immunity appeal—ensuring "no chance of success but nonetheless obtaining the postponement of trial… while also causing the plaintiffs unnecessary effort and expense in responding to them"—the appeal is frivolous and "a waste of judicial resources." *McDonald v. Flake*, 814 F.3d 804, 817 (6th Cir. 2016), citing *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013); *Bailey v. Columbus Bar Ass'n*, 25 F.App'x 225, 229 (6th Cir. 2001). *See also Howlett v. City of Warren, Michigan*, 852 F.App'x 899 (6th Cir. 2021) (finding fact-based appeal of denial of qualified immunity was frivolous).

In cases like Plaintiff England's, where factual disputes go to the heart of the district court's denial of qualified immunity, "interlocutory appeals from the denial of qualified immunity" can be employed "for the sole purpose of delaying trial,"

"often to the disadvantage of the plaintiff." *McDonald*, 814 F.3d at 817, citing *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). "By design, or merely as a result, defendants may defeat just claims by making the suit unbearably expensive or indefinitely putting off the trial." *Id.*, citing *Yates*, 941 F.2d at 449 (internal quotations and parens omitted). As noted by the Sixth Circuit in the past, "[u]nless courts of appeal are careful, appeals on the authority of *Mitchell* could ossify civil rights litigation." *Yates*, 941 F.2d at 449, citing *Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990). While "it is important to protect public officials from frivolous claims and burdens of trials, it is also important to curtail the outlaw and delay of litigation, so that victims of official misconduct may receive the vindication that is their due." *Id*.

Defendants' appeal would serve only to delay inevitable trial. Such appeal is frivolous, a waste of judicial resources, party resources, and taxpayer resources, and unfairly disadvantages Plaintiff. This is the exact scenario warned of by the Supreme Court in *Johnson*: "a voluminous record, a trial court's able factfinding, and a subsequent appeal looming should this case proceed to trial and [England] prevail." *Gillispie v. Miami Township, Ohio*, 18 F.4th 909, 919 (6th Cir. 2021), citing *Johnson*, 515 U.S. 304. It has been "clear for decades" that pursing an appeal when there is clearly a factual dispute at the heart of the qualified immunity issue simply to protract the litigation is "improper." *Id.* at 919. Defendants "choosing to take this

tack anyway delays the administration of our justice system and is a waste of judicial resources." *Id*. at 919. In this situation, "monetary sanctions are… appropriate." *Id*., citing *Berryman*, 150 F.3d at 565; Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may ... award just damages and single or double costs to the appellee."). For these reasons, Plaintiff requests that this Court sanction Defendants' frivolous interlocutory appeal. The factual disputes identified by the District Court must be allowed to proceed to trial without delay and monetary sanctions should be imposed.

## CONCLUSION

For the reasons stated above, this Court has no jurisdiction over this appeal and Defendants-Appellants Abel's and City of Columbus' appeal must be dismissed in its entirety. For the same reasons, monetary sanctions should be imposed for filing a frivolous appeal, which amounts to unnecessarily protracting the litigation despite significant factual disputes at the heart of the qualified immunity issue.

Respectfully submitted,


_/s/ M. Caroline Hyatt_
Jacqueline Greene (0092733)
M. Caroline Hyatt (0093323)
Alphonse A. Gerhardstein (0032053)
FRIEDMAN GILBERT + GERHARDSTEIN
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
T: 513-572-4200
F: 216-621-0427
jacqueline@FGGfirm.com
caroline@FGGfirm.com
al@FGGfirm.com

Sarah Gelsomino (0084340)
FRIEDMAN GILBERT + GERHARDSTEIN
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
sarah@FGGfirm.com

Jennifer L. Routte (0085204)
C. Christopher Alley (0086182)
ROUTTE LAW, LLC
142 Granville Street
Gahanna, OH 43230
T: 614-475-7008
F: 614-472-4155
Jen.Routte@routtelaw.com
Chris.Alley@routtelaw.com

*Counsel for Plaintiff- Appellee*

## CERTIFICATE OF COMPLIANCE

This motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 4,339 words. This motion complies with the typeface requirements of Fed. R. App. P. 27(A) and 32(a)(5)-(6) because it was prepared in a proportionally spaced typeface in 14-point Times New Roman font.

*/s/ M. Caroline Hyatt*
M. Caroline Hyatt
*Counsel for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ M. Caroline Hyatt*
M. Caroline Hyatt
*Counsel for Plaintiff-Appellee*